69 P.(2d) 929

**HARTMAN v. ELIAS.**

No. 4206.

Supreme Court of New Mexico.

June 21, 1937.

H. O. Waggoner and George C. Taylor, both of Albuquerque, for appellant.

J. S. Vaught, of Albuquerque, and G. O. Caldwell, of Mountainair, for appellee.

BICKLEY, Justice.

Defendant conducted a store at Mountainair under the name of Leader Store and employed one L. Heyman to manage the business. Plaintiff sued defendant on account of six loans of cash made to manager Heyman for defendant's use. Defendant denied that the said manager, L. Heyman, had authority

to borrow money for the defendant's business and asserted that plaintiff knew of such lack of authority. The answer alleged that plaintiff was an agent of the United States government in charge of the crop and seed loan department at Mountainair and under the rules of said department could not speculate or deal in beans; that the plaintiff and said L. Heyman operating under defendant's trade-name, unknown to the defendant, engaged in a course of transactions between themselves involving beans, money, and general merchandise and that they failed and refused to account to defendant in regard to same; that the items sued on were part of a series and that the account was still open, unsettled, and unbalanced; that defendant believed that if the accounts were settled and balanced, it would appear that plaintiff was indebted to defendant and prayed that an accounting be had between plaintiff and defendant; and that upon a balance being struck a judgment for any balance be rendered. Plaintiff replied by way of denials and admissions.

Upon a survey of the pleadings and motion of plaintiff for a bill of particulars filed prior to answer, we find no error in overruling the motion and denial of an accounting. The prayer for an accounting was renewed at the close of plaintiff's case and appellant says in his brief that the failure of the court to order an accounting at that stage of the proceeding is "one of the important assignments of error, in fact perhaps the most important," and invites our consideration of the entire transcript of testimony in support thereof. The moving party is not entitled to an accounting as of course. 1 C.J.S., Accounting, p. 680. Whether or not equity will assume jurisdiction to order an accounting in a particular case rests within the sound discretion of the court. 1 Am.Jur. p. 300. We have examined the testimony carefully and are unable to say that the trial court abused its discretion in refusing to order an accounting. In reaching this conclusion, we assume that though this is an action at law the court had power to order an accounting for the purpose of discovery merely and also for discovery and relief as was sought in the case at bar.

"When discovery and relief are sought in the same action, the court, in passing on the right to discovery may consider whether the matter sought for has only a remote and indirect bearing on the cause of action or matter of defense." 9 R.C.L., Discovery, p. 165.

The trial court patiently heard a minute and grilling cross-examination of plaintiff and his principal witness, L. Heyman, the defendant's store manager, and it is manifest that the court agreed with plaintiff that much of what was elicited had no bearing on plaintiff's cause of action although the testimony was admissible for the purpose of proving that these witnesses were engaged in irregular conduct in violation of rules and regulations of the United States government controlling the conduct of its employee, the plaintiff in this action, and thereby tended to affect their credibility as witnesses. The same is true of testimony

developed to sustain the charge that the witness, L. Heyman, the discharged manager of defendant's store, was hostile to defendant. But, notwithstanding this testimony of an impeaching character, the court believed plaintiff and his witness Heyman on the issue of agency in the face of denials by defendant as a witness; the court believed from the testimony that the money had been borrowed from plaintiff by manager Heyman upon authority of his principal, the defendant, and that no part of it had been repaid.

The defendant produced as a witness in his behalf an expert and accredited accountant who had gone over all the available records, but was unable to show anything due defendant from plaintiff. It is true this witness expressed the belief that there were missing records which if produced might show a different state of facts. But the witness Heyman testified that he left all the records reflecting the various transactions in the store when he was discharged therefrom, defendant remaining in possession thereof, and the plaintiff stoutly maintained that none of the records were in his possession. He said the money transactions were simple and informal. In other similar transactions, he would lend the money to the defendant's manager and a slip in the nature of a receipt would be given him and when the money was repaid the slips or receipts would be surrendered. He said none of the records relative to the bean transactions were in his possession. The court had a right to, and apparently did, believe these witnesses on the matter of possession of the records as well as on the issue of authority of manager Heyman to borrow money.

The court undoubtedly had a right to consider convenience and expense to the parties and take into consideration the probabilities as to whether in view of the testimony before him it would be futile to order an accounting. "Equity may refuse to order an accounting when the rights of the parties cannot satisfactorily be ascertained and the true balance determined." 1 C.J.S., Accounting, p. 661. All of these considerations, as we have said, lead to the conclusion that the court did not abuse its discretion in withholding an exercise of its power to order an accounting in this particular case.

Other points do not require discussion. The evidence supports the finding of the court on the question of agency and the contention of appellant that some of the court's findings are so inconsistent with the judgment as to destroy it is without merit. Likewise we find no merit in appellant's contention that the court erred in refusing certain findings requested by him.

Finding no error in the record, the judgment is affirmed and the cause remanded for further proceedings on the supersedeas bond and otherwise as may be proper.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.